UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE WASHINGTON,

      Petitioner,                                Case No. 2:24-cv-11796

v.                                                 Honorable Susan K. DeClercq
                                                     United States District Judge

MICHAEL BURGESS,

      Respondent.
_____/

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING AS MOOT PETITIONER'S MOTIONS (ECF Nos. 9; 13; 14), (3) DENYING CERTIFICATE OF APPEALABILITY, AND (4) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Michigan prisoner Willie Washington filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges Washington's 2018 Macomb Circuit Court conviction of one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. MICH. COMP. LAWS §§ 750.520b(1)(a) and 750.520(c)(1)(a). For the reasons discussed below, the petition will be dismissed because it was filed after expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

## I. BACKGROUND

Washington was charged with sexually assaulting the ten-year-old daughter of his live-in girlfriend. The victim testified at trial that Washington penetrated her

vagina with his finger while helping her stretch after a gymnastics class. Two prior-acts witnesses—a daughter of a previous girlfriend and Washington's biological daughter—also testified at trial that Washington sexually assaulted them when they were children. Washington testified at trial that he did not sexually assault any of the three individuals. ECF No. 12-37 at PageID.1317–20.

Following his conviction and sentence, Washington filed an appeal of right in the Michigan Court of Appeals. His appellate counsel filed a brief on appeal asserting that the trial court violated state evidentiary rules by admitting the prior-acts testimony. *Id.* at PageID.1366. On October 19, 2017, the Michigan Court of Appeals affirmed the convictions in an unpublished opinion. *People v. Washington*, No. 347013, 2020 Mich. App. LEXIS 3669, 2020 WL 3022523 (Mich. Ct. App. 2017).

Washington appealed to the Michigan Supreme Court, raising the same claim and adding new claims of ineffective assistance of counsel. ECF No. 12-38 at PageID.1404–15. On March 2, 2021, the Michigan Supreme Court denied leave to appeal by standard order. *People v. Washington*, 954 N.W.2d 799 (Mich. March 2, 2021) (Table).

On March 24, 2022, Washington returned to the trial court and filed a motion for relief from judgment. *See* ECF Nos. 12-35; 12-2 at PageID.214. Washington asserted in his motion that: (1) trial counsel was ineffective for failing to demand a

polygraph exam, (2) the prosecutor used a peremptory challenge during jury selection for racially discriminatory reasons, (3) trial counsel failed to investigate the victim's gymnastics schedule to impeach her testimony regarding the date and time of the assaults, (4) trial counsel was ineffective for failing to adequately cross-examine witnesses based on statements appearing in a CPS report, and (5) the prosecutor abused its discretion for not ascertaining a date and time for the offenses. ECF No. 12-35 at PageID.1282–1303. The trial court denied the motion in a perfunctory opinion and order issued the same day. ECF No. 12-36 at PageID.1315–16.

Washington attempted to appeal this decision to the Michigan Court of Appeals. On October 11, 2023, however, the court dismissed the appeal because Washington did not correct a filing deficiency. *People v. Washington*, No. 366235 (Mich. Ct. App. Oct. 11, 2023); ECF No. 12-39 at PageID.1429. Washington appealed to the Michigan Supreme Court, but on March 1, 2024, his application for leave to appeal was denied by form order. *See* ECF No. 12-40 at PageID.1456.

Washington's undated federal habeas petition was filed by the Court on July 11, 2024.[1] ECF No. 1 at PageID.15. A prison account certificate filed with

---

[1] He also filed a document titled "Motion of Memorandum of Laws" on October 10, 2024, which appears to be a supplement to his habeas petition. *See* ECF No. 9. Although, as explained below, this motion will be denied as moot, its substance was considered as if it was part of Washington's petition.

Washington's application to proceed in forma pauperis is dated July 3, 2024, setting that as the earliest possible date Washington could have placed his federal petition in the prison mail system. *See* ECF No. 2 at PageID.29. The postage stamp on the envelope used to mail the petition and IFP application is illegible. *See* ECF No. 2 at PageID.32.

Washington claims in his habeas petition that: (1) the trial court abused its discretion by referring to the jurors by numbers instead of names during jury selection; (2) the prosecutor used a peremptory challenge for racially discriminatory reasons; (3) the trial court abused its discretion in admitting other-acts evidence; and (4) defense counsel was ineffective for failing to impeach the victim regarding the date and time of the offense. ECF No. 1 at PageID.5–10.

With respect to the untimeliness of his petition, Washington states:

> I'm a illiterate person with a six grade education, and to the fact of my appellate counsel abandon me without being released by the courts. I've been advocating in criminal law solely on my own with no real knowledge of the criminal procedures. I'm learning and applying how to research and demonstrate the law of the United States and Michigan Constitutions. However, the Supreme Court held that a habeas petitioner is entitle to equitable tolling "only if he or she" shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing.
>
> I hope and pray that the Honorable Court will not bar my habeas corpus petition, and allow me to proceed in presenting the many violations of my Constitutional Rights as the law guarantees: furthermore, I'm indigent and have no counsel to represent me and the legal rights that have been arguing on my own.

> I'm not guilty of these false claims of criminal sexual conduct, and I'm fighting to make it home to my love ones. I humbly and respectfully ask for the courts to grant me approval of this habeas corpus petition.

*Id.* at PageID.14.

## II. LEGAL STANDARD

There is a one-year deadline for federal habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d). Generally, the limitations period begins to run when the state court judgment becomes final by the conclusion of direct review or when the time for seeking direct review expires. § 2244(d)(1)(A).[2]

## III. ANALYSIS

In this case, the Michigan Supreme Court denied Washington's application for leave to appeal on March 2, 2021. ECF No. 12-38 at PageID.1403. Thus, Washington's judgment of sentence became final when the time for taking an appeal to the United States Supreme Court from that order expired 90 days later, on May 31, 2021. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that a judgment becomes final when the time for seeking an appeal expires). The limitations period

---

[2] There are three other potential starting points for the limitations period, but none of them apply to the claims or facts raised in the present petition. *See* § 2244(d)(1)(B), (C), and (D) (period may run from date a state impediment to filing the petition is removed, the date the constitutional right supporting a claim was recognized by the Supreme Court, or the date the factual predicate to a claim could have been discovered through the exercise of due diligence).

started running the next day, on June 1, 2021. *See Merriweather v. City of Memphis*, 107 F.3d 396, 399 (6th Cir. 1997) (holding that Rule 6(a) excludes the day of the triggering event when calculating deadlines).

The limitations period continued to run from June 1, 2021, until Washington filed his motion from relief from judgment in the state trial court on March 24, 2022. *See* 28 U.S.C. § 2244(d)(2) (tolling the limitations period for "[t]he time during which a properly filed application for State collateral or other collateral review with respect to the pertinent judgment or claim is pending."). Thus, Washington's limitations period ran for 296 days before it began tolling.

Washington's state collateral review proceeding ended on March 1, 2024, when the Michigan Supreme Court denied Washington's application for leave to appeal. ECF No. 12-40 at PageID.1456. After that date, Washington no longer had a state collateral review proceeding pending, so the limitations period resumed running. *See Holbrook v. Curtin*, 833 F.3d 612 (6th Cir. 2016).

The earliest date Washington could have placed his undated habeas petition in his institution's mail system was July 3, 2024, the date he obtained the certificate supporting his in forma pauperis application which was submitted with his petition.[3] *See* ECF No. 2 at PageID.29. The limitations period therefore resumed running on

---

[3] A habeas petition ordinarily is considered filed on the date when the prisoner provides the petition to prison officials for filing. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012).

March 2, 2024, (with 296 days already having run), and it continued to do so until (at best for Washington) July 2, 2024. This was another period of 123 days. Adding the two periods in which the period of limitations ran together—296 and 123 days— a total of 419 days, or more than one year, elapsed on the limitations period. Accordingly, the petition was untimely filed.

Washington seems to acknowledge in his petition that it was untimely filed. *See* ECF No. 1 at PageID.14. Instead, Washington claims that he is entitled to equitable tolling. *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (noting that the one-year limitations period applicable to § 2254 petitions is subject to equitable tolling); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009) (same).

The Sixth Circuit repeatedly has cautioned, however, that equitable tolling should be applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Washington argues he is entitled to equitable tolling for three reasons, but none of the reasons he cites entitle him to equitable tolling. First, Washington states that he is indigent, illiterate, and ignorant of his legal rights and remedies. ECF No.

14 at PageID.14. Circumstances such as these, however, do not state a basis for granting equitable tolling. *See Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *see also Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001). Next, Washington claims that his appellate counsel abandoned him. ECF No. 1 at PageID.14. But whatever the alleged failings of his counsel were on direct appeal, they do not account for Washington's own failure to comply with the limitations period that did not start running until *after* his direct appeal was over. *See Jordan v. Campbell*, No. 18-1045, 2018 U.S. App. LEXIS 24010, at *2 (6th Cir. May 30, 2018). Finally, Washington claims that he is entitled to equitable tolling because he is not guilty. ECF No.1 at PageID.14. True, the limitations period may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id*. For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. And "a petitioner does

not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. Here, Washington proffers no such new, reliable evidence to establish that he is actually innocent.

In sum, Washington has failed to demonstrate entitlement to equitable tolling. Accordingly, the Court finds that the petition was filed after expiration of the one-year statute of limitations and must be dismissed. Moreover, in light of his petition being dismissed, Washington's three pending motions, ECF Nos. 9; 13; 14, will be denied as moot.

Furthermore, because jurists of reason would not debate the Court's conclusion, the Court will also deny Washington a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Finally, the Court will deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

### IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Washington's Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED**;

2. Washington's Motions, ECF Nos. 9; 13; 14, are **DENIED AS MOOT**;

3. Washington is **DENIED** a certificate of appealability; and

4. Washington is **DENIED** permission to appeal *in forma pauperis*.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:     May 23, 2025